PEOPLE ex rel. NICHOLS et al. v. BOARD OF SUP'RS OF QUEENS COUNTY.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

COUNTY LIABILITIES—CLAIM FOR PROTECTING PROPERTY—QUESTION FOR JURY.

    The action of a sheriff in summoning a *posse* to protect property from "strikers" is not conclusive against the county as to the necessity thereof, in a proceeding against the county to compel the payment of expenses caused thereby, and the county has a right to go to the jury on the question of the necessity of such action.

    On motion for reargument.

    Application by George H. Nichols and William H. Nichols for *mandamus* to compel the board of supervisors of Queens county to make provision for the payment of certain expenses incurred by the sheriff of the county in protecting relators' property from a threatened attack of "strikers," which expenses had been paid out of funds advanced by relators, to whom the sheriff assigned his claim therefor. There was a judgment for relators below, which was reversed on appeal. For former report, see 15 N. Y. Supp. 462. Motion for reargument denied.

    Argued before BARNARD, P. J., and PRATT, J.

    *James W. Covert,* for appellant. *Steele & Dickson,* for respondents.

    BARNARD, P. J. The motion for a reargument should be denied. The fact which the defendant sought to establish on the trial was that there was no such condition of affairs in respect to the relators' factory as to justify the sheriff hiring men to protect it. There had been a strike, and there was an assemblage of angry men collected, but there was no actual violence to property, and no such evidence as to indicate an intent on the part of the workmen to do violence to the factory or other property. The court held that the relators had the right to notify the sheriff that their property was in danger, and the sheriff had no choice. He must get men without regard to actual danger. That the county was liable even if there was no danger. "It makes no difference, if you prove that this man was mistaken;" "it is the sheriff who is to decide." The county, we think, had a right to go to the jury upon the question of the necessity of the sheriff's action in hiring men on the credit of the county. The county is not liable merely because the sheriffs hire the men, if the danger did not exist. The motion for a new trial on the minutes brings up the question. The court, before the close of the trial, indicated in its decision that there was no issue to try, and at the close of the case ordered a verdict. The defendant excepted to this ruling, and subsequently made a motion for a new trial on the minutes in the exception. We think a new trial should be granted, and the motion for a reargument should be denied, with $10 costs.